UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GONZALEZ RUIZ a/k/a DAVID G. RUIZ, individually and d/b/a COTIJA MEX GRILL a/k/a COTIJAS TACO SHOP,<br><br>Defendant. | Case No.: 18-cv-464-CAB-MDD<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>[Doc. No. 65] |

Before the Court is Plaintiff's motion for attorneys' fees and costs. [Doc. No. 65.] The motion has been fully briefed and the Court deems it suitable for determination on the papers submitted and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons set forth below, the motion is granted in part.

**I.      BACKGROUND**

Plaintiff G & G Closed Circuit Events, LLC initiated this action on March 2, 2018, alleging violations of 47 U.S.C. §§ 605 and 553, conversion, and violation of Cal. Bus. & Prof. Code § 17200 *et seq.*, against Defendant David Gonzalez Ruiz individually, and doing business as Cotija Mex Grill, also known as Cotijas Taco Shop. [Doc. No. 1.] The

complaint alleged that Plaintiff was granted the exclusive domestic commercial distribution rights to the *Golovkin v. Alvarez IBF World Middleweight Championship Fight Program*, which was telecast nationwide on September 16, 2017. [*Id.*] Plaintiff alleged that on September 16, 2017, the program was publicly exhibited at Defendant's commercial establishment without an agreement with Plaintiff and that Defendant as sole proprietor was responsible for the unauthorized exhibition of the program. [*Id.*] On August 28, 2019, at the conclusion of a three-day jury trial, a jury found that Plaintiff had proved its claim against Defendant for violation of 47 U.S.C. § 605 and its claim for conversion, the only claims presented at trial. On the verdict form, the jury awarded Plaintiff statutory damages of $250 for violation of 47 U.S.C. § 605 and $2,500 for conversion. [Doc. No. 58.] In accordance with the jury's verdict, the Court entered judgment for Plaintiff in the amount of $2,750 on August 29, 2019. [Doc. No. 62.] Plaintiff now moves for attorneys' fees in the amount of $43,913.20 and costs in the amount of $1,584.59. [Doc. No. 65.]

## II. DISCUSSION

Under 47 U.S.C. § 605, the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). In light of the verdict, there is no dispute that Plaintiff is an aggrieved party who prevailed and is therefore entitled to full costs and reasonable attorneys' fees.

As for the fees, "[c]ourts first apply the lodestar method to determine a reasonable fee and then may adjust any award up or down depending on various factors." *J & J Sports Prods., Inc. v. Paz-Padilla*, No. 3:12-CV-02228-GPC, 2013 WL 6002872, at *2 (S.D. Cal. Nov. 12, 2013). "The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended by a reasonable hourly rate." *Id*. "'Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it.'" *Camacho v. Bridgeport*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001). For example, in limited circumstances, a district court may apply an across-the-board percentage to the

lodestar figure "as a practical means of trimming the fat from a fee application." *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992) (citation omitted).

Here, Plaintiff's counsel spent a total of 126.32 hours divided among a partner at a rate of $550/hour, a research attorney at a rate of $300/hour, an administrative assistant at $110/hour, and counsel's travel time at a rate of $275/hour. Dividing the total fees sought ($43,913.20) by the total number of hours spent (126.32) yields a rate of $347.63/hour, which the Court finds to be a reasonable blended rate for this geographic area. In support of Plaintiff's motion is attached a declaration of Plaintiff's counsel, a record of the billable hours spent on this case, a copy of the investigator bill, copies of the process server bills, and copies of witness fee bills. The Court finds such documentation sufficient.

Defendant makes several unpersuasive arguments in favor of denying Plaintiff's motion altogether, or in the alternative, reducing the amount awarded to Plaintiff for attorneys' fees and costs. While Plaintiff's request for attorneys' fees may be significantly higher than the amount of damages awarded, Plaintiff was successful on each of its claims that proceeded to trial even though Plaintiff did not obtain the amount of damages it initially sought. Further, both claims arose out of Defendant's unauthorized exhibition of the program and were in no way unrelated as Defendant appears to suggest. There is no merit to Defendant's contention that the fee award must be proportional to the degree of success Plaintiff had in pursuing its claims because as just noted, Plaintiff was successful on each of its claims. The Court is also not persuaded by Defendant's contention that a substantial attorneys' fee award in this case would encourage other defendants in TV signal piracy cases to ignore lawsuits and wait for default judgments because they would be better off financially. In the Court's view a more appropriate response to such a possibility would be to follow the law appropriately and avoid facing such a consequence altogether. Defendant also cannot now claim upon the completion of trial that Plaintiff forced needless litigation when Defendant moved for summary judgment in this case disputing liability and appears to have vigorously defended Plaintiff's claims on multiple grounds throughout this lawsuit. Had Plaintiff not prevailed on any of its claims at trial then this argument would

have more merit.  Finally, Defendant's Rule 68 argument is mistaken.  "Where a Rule 68 offer explicitly states that it is inclusive of prejudgment interest and pre-offer costs and attorneys' fees, the judgment to which the offer is compared must include these items if they are awarded."  *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1020 (9th Cir. 2003).  As the Supreme Court has held in *Marek v. Chesny*, 473 U.S. 1 (1985), "The critical feature of [Rule 68] is that the offer . . . *allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued*."  473 U.S. at 6 (emphasis in original).  "A reasonable determination whether to accept the offer can be made by simply adding [the amount in damages caused by the challenged conduct and the costs then accrued] and comparing the sum to the amount offered."  *Id*. at 7.  Here, Defendant's Rule 68 offer states, "the total judgment amount, including recoverable costs and attorneys' fees, which defendant shall be obligated to pay shall be $6,000.00."  [Doc. No. 66-2 at 2.]  As of the date of the offer, Plaintiff's total costs and attorneys' fees exceed $8,000, and in addition to the judgment obtained the total of these amounts would exceed $10,000.  Accordingly, Defendant's Rule 68 offer did not exceed Plaintiff's judgment amount and costs then accrued.

The Court is however wary of the fact that Plaintiff's counsel is well accustomed to these types of cases.  As Plaintiff's counsel states in his declaration he has "handled thousands of commercial signal piracy files over the last decade and a half."  [Doc. No. 65-2 at ¶ 6.]  Defendant does not refer to any specific items, but contends that when it comes to pleadings, preparation, and other documents, that Plaintiff's counsel likely has several templates in his arsenal that would require minimal time for a specific case.  The Court does not suggest that each of these cases is identical in all aspects but is nevertheless concerned about awarding the full amount of fees requested.  After an independent review of Plaintiff's counsel's billing records and the allocation of hours, the Court will decrease the requested amount of fees by fifteen percent in order to account for Plaintiff's familiarity with commercial signal piracy cases such as this case.  Accordingly, the Court finds it reasonable to award Plaintiff attorneys' fees of $37,326.22.

As for the costs, 47 U.S.C. § 605 instructs that the court "shall direct the recovery of *full costs. . .*" 47 U.S.C. § 605(e)(3)(B)(iii) (emphasis added). For this language to have any meaning it must include costs that go beyond those to which Plaintiff would be entitled as the prevailing party in the absence of this provision. To that end, Plaintiff seeks costs including investigative expenses ($650.00), filing fee ($400.00), service of process fees ($171.70), photocopy charges ($27.89), and investigator witness fees ($335.00), for a total of $1,584.59. These costs are allowed by law and reasonable.

### III.  CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that Plaintiff's motion for attorneys' fees and costs is **GRANTED in part** and awards Plaintiff $37,326.22 in attorneys' fees and $1,584.59 in costs.

It is **SO ORDERED.**

Dated:  October 17, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge